JANVIER, Judge.
Plaintiff, a waitress in the catering department of a store known as McCrory’s on Canal Street, in the City of New Orleans, slipped and fell to the tile floor on October 27, 1956, and sustained contusions of the scalp and contusions and strains of the muscles and ligaments of the lower 'back. She was treated at a local hospital at which she remained for about one hour. She continued to work in her same employment and for the same employer from the time of the accident until early in December, 1956. She then discontinued her services at that store and for twelve weeks did not work at all, but was paid compensation by her former employers or the compensation insurance carrier of the said employer, the compensation paid being $19.50 per week which admittedly was the correct amount based on her previous weekly pay.
She brought this suit against McCrory’s Stores, Inc., her former employer, and the General Accident Fire and Life Assurance Corporation, Ltd., the compensation insur- *628 anee carrier, of the employer, alleging that she had been permanently totally disabled, and praying for judgment for 400 weeks, together with medical expenses and costs.
In the Civil District Court for the Parish of Orleans there was judgment in favor of plaintiff for $19.50 per week for eight weeks, beginning February 25, 1957, together with interest and costs. There was also judgment condemning the defendants. to pay the following doctors the amounts set forth, to wit: Dr. W. Randolph Page, $35; Dr. James L. LeNoir, $45; Dr. H. Tharp Posey, $60; Dr. Jos. V. Hopkins, Jr., $25. There was also judgment condemning the defendants to pay two medical experts, Dr. Joseph V. Hopkins, Jr. and Dr. James L. LeNoir, $100 each.
From this judgment plaintiff has appealed and in this court claims merely that she should be awarded compensation for an additional period commencing January 21, 1957, and terminating June 30, 1957. She also asks that she be awarded a penalty of 12% against the insurer and attorney’s fees at $2,500 on the ground that the insurer arbitrarily and capriciously failed to make compensation payments after February 25, 1957. There has been no appeal nor answer to the appeal by defendants.
There is a great deal of medical testimony which leads inevitably to the conclusion that when compensation payments were discontinued on February 25, 1957, plaintiff had so far recovered from the effect of the very slight injuries which resulted from the accident that she could return to her former employment. In fact, when seen by Dr. M. D. Paine, who examined her three days after the accident, he found that she “could return to work”, and he added that she did return to work. D.r. O. L. Pollingue, an expert orthopedist, who examined her on January 1, 1957, was of the opinion that she could return to work though he said that he felt that:
“On returning to work she would probably feel tired and achy in general, but over a period of several weeks to a month or so would eventually overcome her condition and should have no residual disability referable to this injury.”
Dr. Pollingue found that Mrs. Puckett was suffering because of a condition which was in no sense caused by the accident. She was small, weighing 102 pounds. She had an unusual posture which resulted in her feeling fatigued if she was required to stand on her feet for a great length of time, but it is overwhelmingly shown that this condition was in no way caused by the accident.
In spite of this condition, Mrs. Puckett courageously continued to work in similar employments for other employers almost regularly until the time of the argument before us.
As a result of the testimony of Dr. Pollingue, the Judge a quo felt that, though she had been discharged as able to return to work on January 25, 1957, a period of about eight weeks would he required for her to accustom herself to work and that during those weeks she might suffer some slight pain. We agree with the District Judge in this finding, and feel that in view of the medical testimony the period during which she should be awarded compensation should not be extended beyond the eight weeks fixed by the District Judge.
There is nothing whatever in the record to indicate that there was anything capricious or arbitrary about the failure of the insurer to make compensation payments after receiving advice that the plaintiff could return to work.
The judgment appealed from is affirmed; plaintiff to pay costs of appeal, defendant to pay all other costs.
Affirmed.